MARY A. SANDS, plaintiff in error, *vs*. MICHAEL MARBURG, defendant in error.

When goods were sold and delivered to a married woman living separate and apart from her husband in the State of Tennessee, on her individual credit, and it appearing upon the face of the bill that by the laws of that State she was considered as a free dealer: *Held*, that she might be sued in equity in the Courts of this State, and be restrained by injunction from making a fraudulent transfer of goods in her possession, for the avowed purpose of defeating the claim of her Tennessee creditor, who had no adequate legal remedy against her to recover his demands.

Bill for Injunction. Demurrer. Decided by Judge WARNER. Fulton Superior Court. April Term, 1867.

Marburg's bill made the following case: Mary A. Sands owed him $3,753.36 for goods, wares and merchandise sold to her, (of which he gave a bill of particulars). She refuses to pay any part of it, and threatens, if he sues her or institutes any legal proceedings to collect his claim, to immediately transfer or assign all her property, so as to defeat the collection of his claim; she then had at the depot of the Macon and Western Railroad Company in Atlanta, Georgia, in packages and boxes, a large quantity of goods, wares and merchandise worth $4,000, or other such sum; he knew not what she intended to do with said goods, but believed she would do anything with them, necessary to defeat his rights. He avers that she cannot be held to bail, that he cannot attach the goods, and prays a discovery as to the allegations aforesaid, and injunction against her transferring, assigning or otherwise putting said goods out of her possession, or out of the reach of legal process.

The bill was sanctioned, injunction was issued and served. Defendant demurred generally.

Before argument, and by leave of the Court, and without prejudice to the injunction, the bill was amended by the following averments:

The defendant was at Nashville in Tennessee, (she being the wife of one John E. Sands, of Kingston, Bartow County,

Georgia,) her husband became insolvent, and entirely failed to give any assistance towards the support of his wife and children; she, by her own labor and management, supported herself and children, and was abandoned by her husband, he leaving her in Tennessee without any support; after such separation, Marburg sold her on credit goods, &c., from time to time, until by her own labor and management she acquired good credit, and was enabled to buy goods in her own name, in which her husband did not, nor, by the laws of Tennessee, could claim any interest; by the laws of Tennessee, goods acquired thus under such circumstances are not subject to the debts of her husband; she became indebted to plaintiff as stated in the bill; that the contract was made while she lived at Nashville, and while plaintiff lived there, and was to be performed at Nashville, Tennessee; that thus abandoned, she had left Tennessee and settled in Upson County, Georgia, and leaving her children there, had removed to Atlanta, Georgia; her husband has not, nor does claim any interest in the said goods in her possession, has wholly abandoned her and gives her no assistance, is clerking in a small store, and is wholly insolvent; by the sale of goods which Marburg let her have, she bought, in her own right, a lot of cotton, and promised out of the proceeds to pay Marburg, she sold her cotton for a large profit, bought other goods, and then had in Atlanta about $10,000 worth of goods in her own right, as a free dealer, as she was considered and known to be in Tennessee; but she did not pay Marburg, and afterwards being in Nashville, asked one person not to inform Marburg that she was there, and asked another to inform him that she had gone to Chattanooga, when in fact she had gone to Cincinnati; thereupon Marburg threatened to sue, and she thereupon threatened to transfer her goods so as to defeat his claim, and did sell at auction in Atlanta, seven hundred dollars' worth of goods for two hundred dollars.

He avers that her husband cannot be made liable for these goods, nor can they be sold for his debts, and asserts that he is not a proper party to the bill, praying, however, that if

the Court should hold him to be a necessary party, time might be given for perfecting service upon him, and that she and her husband be enjoined as prayed for in the original bill.

To the bill as amended, the defendant again demurred generally.

The demurrer was overruled and defendant ordered to answer.

Plaintiff in error excepted to that ruling and order.

GLENN & SON, HENRY JACKSON, HAMMOND, MYNATT & WELBORN, for plaintiff in error.

A. W. HAMMOND & SON, for defendant in error.

WARNER, C. J.

The error assigned to the judgment of the Court below in this case, is in overruling the general demurrer to the complainant's bill. This was a bill filed by a creditor to restrain the defendant by injunction from fraudulently disposing of her goods to defeat his claim, under the peculiar state of facts stated therein,—and the question is whether a court of equity in this State has *jurisdiction* to do so. The debt of the complainant against the defendant was contracted in the State of Tennessee, where the bill alleges she was considered by the laws of that State as a *free dealer*. She not only threatened to dispose of her goods for the avowed purpose of defeating the collection of complainant's debt, but had actually sold at auction in the city of Atlanta, seven hundred dollars' worth of her goods for *two hundred dollars*. She not only contracted the debt with the complainant in Tennessee as a free dealer, but she was contracting and disposing of her goods in this State as her *separate property*. The complainant could not hold her to bail, nor sue out an attachment against her property; there she was in the city of Atlanta, openly threatening *fraudulently* to dispose of her goods to defeat the complainant's demand, and actually proceeding to do so by making sale thereof at auction for less than half the value of the same.

Sands *vs.* Marburg.

Was the complainant remediless in the Courts of this State? The 4119th section of the Revised Code declares, that· " Any person who cannot sue at law may complain in equity, and every person who is remediless elsewhere may claim the protection of a court of equity, to enforce any right recognised by the law." By the 3149th section it is declared that equity, by a writ of injunction, may restrain the acts of private individuals, which are illegal or contrary to *equity and good conscience*, and for which no adequate remedy is provided at law. The granting and continuing of the injunction must always rest in the sound discretion of the Judge, according to the circumstances of *each case*. Revised Code, section 3153. " Courts of equity constantly decline to lay down any rule which shall *limit* their power and discretion as to the *particular cases* in which injunctions shall be granted or withheld. And there is wisdom in this course, for it is impossible to foresee all the exigencies of society which may require their aid and assistance to protect rights or redress wrongs." 2d Story's Com. on Equity, 227, section 959. This extraordinary power of the Court, however, ought to be exercised with great caution, and applied only in very clear cases and in such manner as to prevent injustice and unnecessary injury.

In this case, the chancellor below allowed the injunction to be dissolved and the defendant restored to the possession of her goods, by giving bond and security to pay the eventual consideration money in the complainant's suit. Taking the allegations in the complainant's bill to be true, as the general demurrer thereto admits, it was, in our judgment, properly overruled.

Let the judgment of the Court below be affirmed.